(104) Rule: ISSUE EXCEPTION OF NO RIGHT OF ACTION;
MEMORANDUM IN SUPPORT,  EXHIBITS A, B          131126-0738-0

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

GUY HARTZOG
   versus
MICHAEL TOWNSEND MD, JOSEPH ZAVATSKY MD,      Case: 733-132    Div: "M"
OCHSNER CLINIC FOUNDATION, OCHSNER MEDICAL     D 1 MICHAEL TOWNSEND MD
CENTER - WESTBANK CAMPUS

 To:  CAYO LLC
Through its Counsel of Record:
ELTON F. DUNCAN, III                            CK# 046926 - $20.00
KELLEY A. SEVIN
CHARLES E. ROTHERMEL
Dunkin & Sevin L.L.C.
400 POYDRAS STREET, SUITE 1200
NEW ORLEANS, LOUISIANA  70130
Tel: 504-524-5566


PARISH OF JEFFERSON

**_You are hereby ordered to show cause on the 7th day of January, 2014 at 9:00 a.m., (as per attached order)._**

Issued by the Clerk Of Court on the 26th day of November, 2013.


          /s/ Joann M Gasper
          Joann M Gasper, Deputy Clerk of Court for
          Jon A. Gegenheimer, Clerk Of Court


_____SERVICE INFORMATION_____

 (104) Rule: ISSUE EXCEPTION OF NO RIGHT OF ACTION;
 MEMORANDUM IN SUPPORT,  EXHIBITS A, B          131126-0738-0

Received:_____   Served:_____   Returned:_____

Service was made:
      ____ Personal        ____ Domicilary _____

Unable to serve:
      ____ Not at this address   ____ Numerous attempts _____ times
      ____ Vacant               ____ Received too late to serve
      ____ Moved                ____ No longer works at this address
      ____ No such address      ____ Need apartment / building number
      ____ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



EXHIBIT
A

FILE FOR RECORD
2013 NOV 18  PM 3: 34
S/ ASHLEY TALLEY
DEPUTY CLERK
PARISH OF JEFFERSON, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

### STATE OF LOUISIANA

NO.    7 3 3 1 3 2                               DIV.

### IN RE: MEDICAL REVIEW PANEL OF GUY HARTZOG

FILED:_____        _____

                                       **DEPUTY CLERK**

### PETITION TO ALLOT CASE NUMBER

**NOW INTO COURT,** through undersigned counsel come Exceptors, Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation (improperly named as Ochsner Medical Center – Westbank Campus), and with respect, aver:

1.

That they have been named in a complaint by Cayo L.L.C. and filed with the Louisiana Division of Administration pursuant to LSA-R.S. 40:1299.41, *et. seq.*

2.

Movers herein desire and are entitled to discovery, and file this petition for the allotment of a case number, so as to facilitate discovery procedure and the filing of available exceptions, all pursuant to LSA-R.S. 40:1299.41, *et. seq.*

**WHEREFORE,** petitioner prays that this Honorable Court allot a case number and section for discovery procedure and available exceptions.

Respectfully submitted,

**ADAMS AND REESE LLP**

_Katie W_

Don S. McKinney (#26685)
Katie F. Wollfarth (#31729)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Exceptors,*
*Michael Townsend, M.D., Joseph Zavatsky, M.D.,*
*and Ochsner Clinic Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via hand delivery, fax, electronic means, or U.S. Mail, postage prepaid and properly addressed, this 15th day of November, 2013.

_____
KATIE F. WOLLFARTH

A TRUE COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

Colinda Quarrella
DEPUTY CLERK
24TH. JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 733-132                                                          DIV. M

**IN RE: MEDICAL REVIEW PANEL OF GUY HARTZOG**

FILED:_____

_____
                                        **DEPUTY CLERK**

<u>**EXCEPTION OF NO RIGHT OF ACTION**</u>

    **NOW INTO COURT**, through undersigned counsel, come Exceptors, Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation (improperly named as Ochsner Medical Center – Westbank Campus), who, pursuant to Louisiana Code of Civil Procedure Art. 681, except to the Request for Review of Medical Malpractice Claims filed by Cayo, L.L.C. ("Cayo") on the basis that Cayo has no right of action against exceptors.

    Cayo, as the employer of the allegedly injured patient, filed a medical review panel complaint, seeking contribution and/or indemnity from the health care providers from alleged malpractice by them on the patient, Guy Hartzog. There is no right to contribution under Louisiana law. Additionally, Cayo is not entitled to indemnity as a matter of state law. Furthermore, Cayo's attempt to file a third party demand against the health care providers has already been denied by the federal court, as Fed. R. Civ. Proc. 14(c) does not permit such a procedure. Therefore, there is no theory under which Cayo has a right of action against Exceptors. The reasons in support of this exception are more fully explained in the attached memorandum in support, which is all adopted and incorporated herein by reference.

    **WHEREFORE**, for the foregoing reasons, Exceptors, Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation (improperly named as Ochsner Medical Center

– Westbank Campus) pray that this Court grant their Exception of No Right of Action and dismiss the Request for Review of Medical Malpractice Claims filed by Cayo, L.L.C. at Cayo's cost.

Respectfully submitted,

**ADAMS AND REESE LLP**

_____
DON S. MCKINNEY (#26685)
KATIE F. WOLLFARTH (#31729)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Exceptors,*
*Michael Townsend, M.D., Joseph Zavatsky, M.D.,*
*and Ochsner Clinic Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via hand delivery, fax, electronic means, or U.S. Mail, postage prepaid and properly addressed, this 15th day of November, 2013.

_____
KATIE F. WOLLFARTH

2

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. _733-132_                                                      DIV. _M_

**IN RE: MEDICAL REVIEW PANEL OF GUY HARTZOG**

FILED:_____     _____
                                                                      **DEPUTY CLERK**

**RULE TO SHOW CAUSE**

Considering the foregoing *Exception of No Right of Action* filed by Michael Townsend,

M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation,

**IT IS ORDERED**, that Plaintiff, Cayo, L.L.C. show cause on the _7th_ day of

_January, 2014_ 2013, at _9:00_ o'clock, _A_. m. why the Exception of No Right of Action

filed by Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation

should not be granted and Cayo's claims dismissed.

This _25th_ day of _November_ 2013, Gretna, Louisiana.

                                        _S/ Robert A. Pitre Jr._
                                        **JUDGE**

**PLEASE SERVE:**
Cayo, L.L.C.
Through its counsel of record,
Elton F. Duncan, III
Kelley A. Sevin
Charles E. Rothermel,
Dunkin & Sevin, L.L.C.
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Tel: 504-524-5566

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_Colinda Quarrella_
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

FILE FOR RECORD
2013 NOV 19  PM 3: 35
S/ ASHLEY TERAN
DEPUTY CLERK
PARISH OF JEFFERSON, LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 733-132                                                    DIV. M

**IN RE: MEDICAL REVIEW PANEL OF GUY HARTZOG**

FILED:_____          _____

                                            **DEPUTY CLERK**

## MEMORANDUM IN SUPPORT OF EXCEPTION OF NO RIGHT OF ACTION

### MAY IT PLEASE THE COURT:

Exceptors, Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation (improperly named as Ochsner Medical Center – Westbank Campus), submit the following memorandum to further explain why Cayo L.L.C. ("Cayo") does not have a right of action for medical malpractice against them.

### FACTUAL BACKGROUND

Third-party Plaintiff, Cayo, is a defendant in a civil action brought by Guy Hartzog and styled *Hartzog v. Cayo, L.L.C.*, Docket No. 12-cv-2895, Section "C(2)," before the Hon. Helen G. Berrigan, in the United States District Court for the Eastern District of Louisiana.  See Request for Review of Medical Malpractice, attached hereto as Exhibit A.  On or about May 19, 2012, Hartzog allegedly fell from a barge while employed as a deckhand by Cayo.  On December 5, 2012, Hartzog sued Cayo in federal court alleging that his accident and injuries were sustained as the result of Cayo's negligence and unseaworthiness.  Hartzog contended that as a result of his accident, he sustained bilateral sacroiliac joint fractures and/or dislocation.  Cayo alleges that following Hartzog's accident, he was treated by doctors at Ochsner Clinic Foundation, who performed a surgical procedure to treat Hartzog's alleged injuries.  Cayo essentially alleges that the hospital and doctors (namely Dr. Zavatsky and Dr. Townsend) have caused or contributed to Hartzog's injuries and damages so that Cayo is entitled to contribution and/or indemnity from them.  See Exhibit A.

Cayo attempted to file a Third Party Complaint against Exceptors in Hartzog's federal suit.  However, Cayo's Motion for Leave to File Third Party Complaint was denied.  See Order and Reasons, attached hereto as Exhibit B.  Following the denial of Cayo's Motion for Leave to File Third Party Complaint, Cayo filed the instant Request for Review of Medical Malpractice,

claiming that Exceptors are liable to it for indemnity and/or contribution. See Exhibit A. As will be discussed *infra*, medical malpractice is a creature of state law. Under state law, Cayo has no right to indemnity and/or contribution from Exceptors, therefore, Cayo's claim must be dismissed. Furthermore, there is no federal right of action against exceptors, and Cayo's procedural attempt to assert a medical malpractice cause of action pursuant to Fed R. Civ. Proc. 14 has already been denied.

### LAW AND ARGUMENT

Here, Plaintiff, Cayo, L.L.C. seeks to file a medical malpractice claim "as putative third-party plaintiff," seeking indemnity and/or contribution from Exceptors, Ochsner, Dr. Zavatsky and Dr. Townsend, pursuant to Fed. R. Civ. Pro. 14(c). See Exhibit A. However, Fed. R. Civ. Pro. 14(c) has no application in the context of a state law claim for medical malpractice. Under Louisiana state law, Cayo has no right of action for contribution or indemnity on the basis of medical malpractice. And Cayo's attempt to join Exceptors in the pending federal suit was denied. Therefore, Cayo has no right of action against Exceptors.

**A.     PEREMPTORY EXCEPTION OF NO RIGHT OF ACTION**

Article 681 of the Louisiana Code of Civil Procedure provides that an action can be brought "only by a person having a real and actual interest which he asserts." A peremptory exception of no right of action questions whether the plaintiff has an interest in judicially enforcing the rights alleged in the petition. *First Bank & Trust v. Duwell*, 2011 WL 193840 at *2 (La. App. 4 Cir. 5/18/2011), - - - So.3d - - -; *Long v. Jeb Breithaupt Design Build, Inc.*, 44,002-CA (La. App. 2 Cir. 2/25/09), 4 So.3d 930, 941; *Boyer v. Stric-Lan Companies, Corp.*, 2004-872 (La. App. 3 Cir. 11/10/04), 888 So.2d 1037, 1041. If the plaintiff does not belong to the class of persons to whom the law grants the asserted cause of action, the claim should be dismissed. *Boyer*, 888 So.2d at 1041.

**B.     MEDICAL MALPRACTICE CLAIMS ARE GOVERNED BY STATE LAW**

Contrary to Cayo's assertions in its Medical Malpractice Complaint, a medical malpractice cause of action is a creature of state law. And the right of action to bring a medical malpractice suit is governed by state law. This principle is underscored by *Joiner v. Diamond M. Drilling Co.*, 688 F.2d 256 (5th Cir. 1982).

There, Ronald Joiner, a seaman, was injured while working aboard a semi-submersible vessel owned and operated by Diamond M Drilling Company ("Diamond"). *Id.* at 258. Joiner

was injured when he attempted to clean a shipboard mud tank manufactured by Halliburton Company ("Halliburton"). *Id.* After the accident, Joiner was hospitalized and treated by a private physician, Dr. C. Babson Fresh. *Id.* Joiner's condition deteriorated while he was hospitalized and he ultimately died six days following the accident. *Id.*

Joiner's widow brought suit against Diamond and Halliburton in federal court. *Id.* In turn, Diamond and Halliburton filed a third-party demand against Dr. Fresh, alleging that it was the doctor's onshore negligence which ultimately caused Joiner's death. *Id.* Mrs. Joiner settled her claims with Diamond and Halliburton. *Id.* Dr. Fresh moved to dismiss the indemnity and contribution claims. *Id.* The district court granted summary judgment in favor of Dr. Fresh finding as a matter of Louisiana state law that neither Diamond nor Halliburton were entitled to contribution or indemnity from Dr. Fresh, and that their third-party claims were barred by Louisiana's one-year medical malpractice statute of limitations. *Id.* Diamond and Halliburton appealed. *Id.*

On appeal, the United States Court of Appeals Fifth Circuit held that the third-party claims against Dr. Fresh could not be characterized as "being actions for breach of a maritime contract... these are state law claims that must be adjudicated under Louisiana's law of contribution and indemnity." *Id.* at 261. The Court went on to conclude that neither Diamond nor Halliburton stated claims under Louisiana's law of indemnity. However, the court found that while there was no claim for indemnity, a state law claim for contribution did exist.[1] Notably, the laws in Louisiana with respect indemnity and contribution have changed dramatically since the 1982 *Joiner* opinion.

However, the principle remains the same – that whether Cayo has a right of action for indemnity and contribution is governed exclusively by state law. The United States District Court for the Eastern District of Louisiana recognized this tenet in the Order and Reasons on Motion issued in response to Cayo's Motion to File Third Party Complaint. Specifically, the Court noted:

> More significantly, however, the proposed third-party complaint is futile. Cayo seeks to assert medical malpractice claims against the proposed third-party defendants as a means of establishing its own non-contractual contribution claims against plaintiff's medical care providers, based upon their alleged negligence in their medical treatment of plaintiff. "[S]tate law . . . controls in cases such as

---

[1] Note: the contribution claim was decided under pre-1996 tort law. Since the Louisiana Legislature's tort reform in 1996, contribution claims no longer exist. This issue will be discussed in more detail *infra.*

this." Joiner v. Diamond M Drilling Co., 688 F.2d 256, 261 (5th Cir. 1982).

See Exhibit B at p. 4 – 5.

According to state law, Cayo has no right of action for contribution or indemnity. Therefore, Cayo's claim must be dismissed.

## C.   UNDER LOUISIANA LAW, CAYO HAS NO RIGHT OF ACTION AGAINST EXCEPTORS.

### 1.   NO RIGHT OF ACTION FOR CONTRIBUTION

In 1996, the Louisiana Legislature amended articles 2323 and 2324(B) of the Louisiana Civil Code "to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system." *Dumas v. State, ex rel. Dept. of Culture, Recreation & Tourism,* 2002-0563 (La. 10/15/02), 828 So.2d 530, 535. Article 2323 "requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person." *Id.* at 537.  The Louisiana Supreme Court in *Dumas* further explained:

> Likewise, the language of Article 2324(B) is equally clear. It provides that in non-intentional cases, liability for damages caused by two or more persons *shall* be a joint and divisible obligation. Each joint tortfeasor *shall not* be liable for more than his degree of fault and *shall not* be solidarily liable with any other person for damages attributable to the fault of that other person. This provision abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323.

*Id.* (emphasis in original). Addressing the effect of the 1996 amendments on the right of a tortfeasor to seek contribution, the court stated:

> With the 1996 amendments to Articles 2323 and 2324(B), however, the legislature has effected a total shift in tort policy. Prior to the enactment of the amendments, the policy behind Louisiana's tort law was ensuring that innocent victims received full compensation for their injuries. Now, however, Louisiana's policy is that each tortfeasor pays only for that portion of the damage he has caused and the tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of that other person. *With the advent of this new policy, the right of contribution among solidary tortfeasors also disappeared since it is no longer necessary in light of the abolishment of solidarity.*

4

*Id.* at 538 (emphasis supplied).

Accordingly, because there is no right to contribution in Louisiana, Cayo has no right to bring a medical malpractice complaint against Exceptors for alleged malpractice committed against Cayo's employee.

## 2.  NO RIGHT OF ACTION FOR INDEMNITY

"Generally, a tortfeasor has no right of indemnity against a co-tortfeasor." *Ducre v. Executive Officers of Halter Marine, Inc.,* 752 F.2d 976, 984 (5th Cir.1985)(citing *Appalachian Corp. v. Brooklyn Cooperage Co.,* 151 La. 41, 91 So. 539, 541 (1922)). Louisiana law allows claims for tort indemnity only when the third-party plaintiff's negligence is passive or its fault is only technical or theoretical. *Threlkeld v. Haskins Law Firm,* 922 F.2d 265, 267 (5th Cir.1991)(citations omitted). In 1922, the Louisiana Supreme Court ruled that when "the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty ... indemnity may be had against the one primarily responsible for the act which caused the damage." *Appalachian Corp. v. Brooklyn Cooperage Co.,* 151 La. 41, 91 So. 539, 541 (1922). In *Nassif v. Sunrise Homes, Inc.,* 739 So.2d 183 (La.1999), the Louisiana Supreme Court explained the conceptual and legal basis for a claim of indemnity:

> Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. *Black's Law Dictionary* 769 (6th ed.1990); 42 C.J.S *Indemnity* § 2 (1991). It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. 42 C.J.S. *Indemnity* at § 32. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement. *Id.* at § 29. An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. *Bewley Furniture Co., Inc. v. Maryland Cas. Co.,* 285 So.2d 216, 219 (La.1973). Thus, because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity. *Id.*

*Id.* at 185.

5

Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the party primarily responsible for the damages whereas contribution, or now comparative fault, apportions the loss between joint tortfeasors. *See Green v. TACA Intern. Airlines,* 304 So.2d 357, 359 (La.1974); *Mayo v. Benson Chevrolet,* 717 So.2d 1247, 1249 (La.App. 5th Cir.1998). Because indemnity is based upon the concept of unjust enrichment, an action for tort indemnity arises only when one held liable vicariously or by reason of technical fault has been compelled to discharge the indebtedness of the party that is wholly responsible for an injury. *Nassif,* 739 So.2d at 185; *Mayo,* 717 So.2d at 1248.

The right to indemnity does not exist in favor of a joint tortfeasor whose act or failure in the performance of a duty was a contributory cause of an injury, and there is no right to indemnity when the liability of the party seeking it cannot be regarded as technical, vicarious, constructive or derivative. *Nassif,* 739 So.2d at 186; *Hamway v. Braud,* 838 So.2d 803, 806 (La.App. 1st Cir.2002). Because a claim for tort indemnity is based upon the indemnitee's constructive or technical liability, "[s]crutiny is thus directed at the nature, not the quantum, of the fault, if any, of the party seeking indemnity." *Ducre,* 752 F.2d at 984-85. If the fault of the party seeking indemnity "can be characterized as merely technical or constructive, the action for indemnity may lie." *Id.* On the other hand, if the nature of the fault alleged against the indemnitee is actual or active fault, an action for tort indemnity cannot be sustained. *See id; see also Threlkeld,* 922 F.2d at 267 (holding that defendant cannot seek tort indemnity against a third party for tort immunity when a plaintiff seeks to recover from a defendant for the latter's affirmative negligence); *Hesse v. Champ Serv. Line,* 828 So.2d 687, 692 (La.App. 3d Cir.2002). If the facts alleged by a plaintiff against the party seeking indemnity do not show that a defendant's liability could be predicated upon mere constructive or derivative fault, such defendant cannot state a cause of action for indemnity. *Threlkeld,* 922 F.2d at 267-68 (holding that a defendant cannot sustain an action for indemnity when a plaintiff seeks to recover from a party for its affirmative negligence); *Hamway,* 838 So.2d at 806 (holding that allegations that demonstrate direct or primary negligence of a defendant precluded a tort indemnity claim by such defendant against other defendants). If the allegations in a third-party complaint for indemnity could be read only as charging either concurrent fault or fault constituting an intervening or superseding cause of the injured party's damage, such allegations would not

support a claim for indemnity. *See Ducre*, 752 F.2d 976 (citing *White v. Johns-Manville Corp.*, 662 F.2d 243 (4th Cir.1981)).

In *Carter v. Deitz*, 505 So.2d 106 (La. App. 4th Cir.1987), a third-party plaintiff alleged that it was entitled to indemnity because its negligence, if any, was only passive in nature as compared to the active negligence of the third-party defendants. *Id.* at 108. The court of appeal stated:

> There is no claim against [the third-party plaintiff] DeLaureal for strict or vicarious liability; indeed, under the facts of this case, such a claim would be impossible. Rather, the claim against DeLaureal is for simple negligence. Any recovery by plaintiff against DeLaureal will be based upon DeLaureal's actual negligence, not upon any theoretical or constructive liability. The question of whether DeLaureal's negligence, if any, was active or passive might have some bearing upon the percentage of fault attributable to DeLaureal, but it is not relevant to the issue of indemnity. Indemnity is not available to a party who is actually negligent. *Appalachian Corporation, supra* at 541; 109 *Dupree v. Pechinay St. Gobain Co.*, 369 So.2d 1075 (La.App. 1st Cir.1979), *writ denied*, 371 So.2d 1341 (La.1979); *Joiner v. Diamond M. Drilling Co.*, 688 F.2d 256 (5th Cir.1982).

*Id.* at 108-09.

Cayo admits in its medical malpractice complaint that the claims made by Hartzog against it are not premised upon imposing "solely constructive or derivative liability." To the contrary, the claims made by Hartzog against Cayo are for active negligence as the result of a fall Hartzog sustained on Cayo's barge. See Exhibit A. This is not the type of claim that is considered to be technical, derivative and/or passive negligence, giving Cayo a right of action against exceptors in indemnity. To the contrary, Cayo's claim essentially admits that while Cayo may have been at fault, exceptors were a contributory and/or superseding cause. Essentially, Cayo's claim boils down to the percentage of fault that it believes should be attributed to it versus exceptors. This is not the type of "technical" or "constructive" fault that allows Cayo a right of action in indemnity. Because the claims made by Hartzog against Cayo involve Cayo's own negligence and fault, Cayo has no right of action against exceptors in indemnity.

**D.     THERE IS NO RIGHT OF ACTION UNDER FEDERAL LAW**

As has been discussed, there is no right of action under federal law against Exceptors, as a medical malpractice claim is solely governed by state law. Fed. R. Civ. Proc. 14(c) apparently

relied upon by Cayo, is a procedural article merely granting Cayo the procedural method to pursue a right of action for a federal maritime claim (not a state malpractice claim). But, as a procedural rule, it does not create a substantive right of action.[2] And even so, this procedural method of proceeding against exceptors has already been denied. Therefore, Cayo has no right of action against Exceptors under federal law.

Cayo claims it has a right of action for indemnity and/or contribution pursuant to Fed. R. Civ. Proc. 14(c). Specifically, the rule reads:

> **(c) Admiralty or Maritime Claim.**
>
> **(1) *Scope of Impleader.*** If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> **(2) *Defending Against a Demand for Judgment for the Plaintiff.*** The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

However, the United States District Court for the Eastern District of Louisiana has already interpreted this rule and denied Cayo's Motion for Leave to File Third Party Complaint, pursuant to Fed. R. Civ. Proc. 14. The Court stated:

> The motion fares no better under the Rule 14 standard. In its proposed third-party complaint, Cayo invokes Rule 14(c), which "permits a defendant [in an admiralty or maritime case] to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff." Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 242-43 (5th Cir. 2009) (citing Fed. R. Civ. P. 14(c); Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 399-400 (5th Cir. 2003)). However, Rule 14(c) also "requires the third-party plaintiff (1) to assert an action sounding admiralty or maritime, (2) that arises out of 'the same transaction, occurrence, or series of transactions or occurrences' as the plaintiff's original claim, and (3) over which the district court has jurisdiction." Id. (emphasis added). **Because**

---

[2] Substantive laws establish new rules, rights and duties or change existing ones. Procedural laws prescribe a method (remedy) for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. *Segura v. Frank*, 93–1271, pp. 9–12 (La.1/14/94), 630 So.2d 714, 720–23, *cert. denied sub nom., Allstate Ins. Co. v. Louisiana Ins. Guar. Ass'n*, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887. *See also Manuel v. Louisiana Sheriff's Risk Mgmt. Fund*, 95–0406, pp. 8–9 (La.11/27/95), 664 So.2d 81, 85–86.

the Fifth Circuit requires that, "under Rule 14(c), the third-party plaintiff 'assert an action sounding in admiralty or maritime' law . . . , [the proposed third-party defendant] cannot be a proper Rule 14(c) party unless [plaintiff's or defendant's] claims against it arise under admiralty or maritime law." Duet v. Falgout Offshore, LLC, No. 09-3321, 2010 WL 1817766, at *2 (E.D. La. May 5, 2010) (citing Ambraco, 570 F.3d at 243; McDonough Marine Service v. Royal Ins. Co., No. 00- 3134, 2001 WL 576190, at *4 (E.D. La. May 25, 2001)).

Nothing in the proposed third-party complaint appears to satisfy this requirement. Although Hartzog's claims against Cayo sound in maritime law, Cayo repeatedly states in its motion and its proposed complaint that it is asserting medical malpractice claims under state law against the doctors and hospital. Thus, Rule 14(c) does not permit the assertion of Cayo's claims against the proposed third-party defendants.

See Exhibit B at pp. 6 – 8.

The United States District Court for the Eastern District of Louisiana already denied Cayo's request to file a third-party complaint / impleader against Exceptors because Rule 14 (c) simply does not allow a defendant to assert a medical malpractice cause of action (only an action arising under admiralty or maritime law). Exhibit "B". Therefore, Cayo cannot use Fed R. Civ. Proc. 14 as a basis to state a claim against Exceptors, because Cayo's motion to proceed under this federal rule was already denied and because the Federal Rule of Civil Procedure that Cayo cites, does not permit such a procedure.

As Mag. Judge Wilkinson noted, medical malpractice is controlled by state law. As explained *supra*, under state law, Cayo has no right of action against Exceptors.

## CONCLUSION

Simply put, as a third-party plaintiff, Cayo has no right of action for contribution and/or indemnity against Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation. A medical malpractice cause of action is a creature of state law, and the right to assert a medical malpractice action is also governed by state law. *See Joiner*, *supra*. Under state law, Cayo has no right of action for contribution or indemnity. Furthermore, despite Cayo's citation to Fed. R. Civ. Proc. 14(c), it does not apply. The federal court has already denied Cayo's attempt to add exceptors as third-party defendants to Hartzog's federal suit and has already determined that Fed R. Civ. Proc 14 does not permit an admiralty defendant to state a claim for medical malpractice. Therefore, Cayo has no right to bring a medical malpractice cause of action against Exceptors, Michael Townsend, M.D., Joseph Zavatsky, M.D., and Ochsner Clinic Foundation.

Respectfully submitted,

**ADAMS AND REESE LLP**

_(signature)_

DON S. MCKINNEY (#26685)
KATIE F. WOLLFARTH (#31729)
One Shell Square – Suite 4500
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile:  (504) 566-0210
*Attorneys for Exceptors,*
*Michael Townsend, M.D., Joseph Zavatsky, M.D.,*
*and Ochsner Clinic Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via hand delivery, fax, electronic means, or U.S. Mail, postage prepaid and properly addressed, this 15th day of November, 2013.

_(signature)_

KATIE F. WOLLFARTH

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
Colinda Zuarrella
DEPUTY CLERK
24TH. JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

May. 21. 2013  4:13PM                                                  No. 4844   P. 2/10

**DUNCAN &
SEVIN, L.L.C.**
ATTORNEYS AT LAW

DIVISION OF ADMINISTRATION
COMMISSIONER'S OFFICE

2013 MAY 21  PM 4: 46

400 POYDRAS STREET I SUITE 1200 I NEW ORLEANS, LA 70130 I 504.524.5566 PHONE I 504.524.9003 FAX I www.duncansevin.com

9171 9690 0935 0013 0329 58       May 21, 2013

<u>Via Facsimile and</u>
<u>Certified Mail, Return Receipt Requested</u>

Division of Administration
Medical Review Panel Office
P.O. Box 44336
Baton Rouge, LA 70804-4336
Fax: (225) 342-1057

**RECEIVED**

**MAY 2 4 2013**

**LPCF**

Re:   Request for Review of Medical Malpractice
Patient: Guy Hartzog
Filed by: Cayo, L.L.C.
Providers:   Ochsner Medical Center – Westbank, L.L.C.
Joseph M. Zavatsky, M.D.
Michael C. Townsend, M.D.
D/L: On or about May 21, 2012
Our File No.: 100127-05602-12

Dear Sir or Madame:

Attached please find the Request for Review of Medical Malpractice Claims presented for consideration by Cayo, L.L.C. in relation to the affected patient, Guy Hartzog.

Cayo, L.L.C. brings this request in its capacity as Mr. Hartzog's representative pursuant to Fed. R. Civ. Pro. 14(c)[1] in relation to litigation styled <u>Hartzog v. Cayo, L.L.C.</u>, Docket No. 12-

---

[1] Fed. R. Civ. Pro. Rule 14(c) applies here as Mr. Hartzog designated his claims against Cayo, L.L.C. as admiralty claims under Rule 9(h), which allows Cayo, L.L.C. to bring claims against third parties on Mr. Hartzog's behalf. Specifically, Rule 14(c) provides as follows:

(c) Admiralty or Maritime Claim.

(1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

(2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

**RECEIVED**

**MAY 2 4 2013**



May. 21, 2013  4:13PM                                          No. 4844   P. 3/10

Division of Administration
Medical Review Panel Office
May 21, 2012
Page 2

cv-2895, Section "C(2)" pending in the United States District Court for the Eastern District of
Louisiana before Hon. Helen G. Berrigan and Magistrate Jay Wilkinson.  Furthermore, Cayo,
L.L.C. has a right of reimbursement from a third party tortfeasor pursuant to Black v. Red Star
Towing & Transportation Co., 860 F.2d 30, 34 (2nd Cir. 1988) (en banc); see also Bertram v.
Freeport McMoran, Inc., 35 F.3d 1008, 1014-15 (5th Cir. 1994) ("Indemnification of the innocent
employer is based on the commonsense principle that a party whose neglect has caused or
contributed to the need for maintenance and cure payments should reimburse the cost of those
payments.")

        We look forward to receiving official notification of receipt and confirmation that the
medical care providers made the subject of this request are qualified under the Medical Review
Panel process and have coverage with the Patient's Compensation Fund.  Please also let us
know the appropriate filing fee and we will remit payment within forty-five (45) days of mailing,
as required by law.

        Thank you for your cooperation, and please do not hesitate to contact us with any
questions you may have.

                                        Very truly yours,

                                        Elton F. Duncan, III
                                        Charles E. Rothermel

EFDiii/CER
Enclosure: Request for Review of Medical Malpractice Claims

cc:    L. Blake Jones (via facsimile only)
       Kristi Post (via facsimile only)

DIVISION OF ADMINISTRATION
COMMISSIONER'S OFFICE
2013 MAY 21  PM 4: 46

RECEIVED

MAY 2-4 2013

LPCF

STATE OF LOUISIANA

DIVISION OF ADMINISTRATION - MEDICAL REVIEW PANEL

NO.: _____                          DIVISION: "___"

IN RE: GUY HARTZOG

FILED: _____          _____
                                              CLERK

## REQUST FOR REVIEW OF MEDICAL MALPRACTICE CLAIMS

**NOW COMES** Cayo, L.L.C. ("Cayo"), who respectfully requests review of medical malpractice claims pursuant to the Louisiana Medical Malpractice Act, La. R.S. §40:1299.41, et seq. This request is brought on behalf of patient Guy M. Hartzog, in Cayo's capacity as putative third-party plaintiff in the certain litigation pending in the United States District Court for the Eastern District of Louisiana styled *Hartzog v. Cayo, L.L.C.*, Docket No. 12-cv-2895, Section "C(2)", before Hon. Helen G. Berrigan pursuant to Fed. R. Civ. Pro. 14(c). Cayo, L.L.C. has a right of reimbursement from a third party tortfeasor pursuant to Black v. Red Star Towing & Transportation Co., 860 F.2d 30, 34 (2nd Cir. 1988) (en banc); see also Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1014-15 (5th Cir. 1994) ("Indemnification of the innocent employer is based on the commonsense principle that a party whose neglect has caused or contributed to the need for maintenance and cure payments should reimburse the cost of those payments.")

On behalf of Guy Hartzog pursuant to a Rule 14(c) tender, and on its own behalf pursuant to its Rule 14(c) action for indemnity and/or contribution, Cayo requests that a

RECEIVED

MAY 2 4 2013

LPCF

Medical Review Panel be called to consider whether the following medical care providers breached the applicable standard of care in rendering treatment to Guy Hartzog, as set forth below in greater detail:

    a.  Joseph M. Zavatsky, M.D. ("DR. ZAVATSKY");

    b.  Michael C. Townsend, M.D. ("DR. TOWNSEND"); and

    c.  Ochsner Medical Center – Westbank, L.L.C. ("OCHSNER MEDICAL CENTER").

## FACTUAL BACKGROUND

1.

The referenced litigation arises from personal injuries allegedly sustained by plaintiff Guy Hartzog on or about May 19, 2012 when he allegedly fell from a barge while employed as a deckhand by Cayo, L.L.C.  On December 5, 2012, Mr. Hartzog filed suit in the referenced matter against Cayo, L.L.C. alleging his accident and injuries are the result of negligence and unseaworthiness for this Cayo is answerable, and also claiming entitlement to maintenance and cure benefits.

2.

Mr. Hartzog alleged injuries resulting from the May 19, 2012 accident include bilateral sacroiliac joint fractures and/or dislocation, among other injuries.

3.

At all material times, Mr. Hartzog treated for his alleged injuries at OCHSNER MEDICAL CENTER, 1514 Jefferson Highway, New Orleans, Louisiana 70121, beginning on May 20, 2012, where both DR. ZAVATSKY and DR. TOWNSEND were employed and/or exercised hospital privileges.

RECEIVED

MAY 2 4 2013

LPCF

4.

At all material times, DR. TOWNSEND served as Mr. Hartzog's attending physician at OCHSNER MEDICAL CENTER.

5.

On May 21, 2012, upon information and belief, DR. ZAVATSKY performed the following surgical procedures to treat Mr. Hartzog's alleged injuries: (1) closed reduction of sacroiliac joint dislocation; (2) open reduction and internal fixation of bilateral sacroiliac joint disassociation; and (3) intraoperative fluoroscopy with interpretation.

6.

Upon information and belief, during the procedure on May 21, 2012, DR. ZAVATSKY apparently drilled a guide hole into the sacroiliac joint prior to inserting a surgical screw to stabilize the pelvis. Upon information and belief, the guide hole was drilled too far and and/or the wrong size surgical screw was inserted by DR. ZAVATSKY, breaching the SI neuroforamen, possibly contacting or damaging the nerve.

7.

Immediately following the May 21, 2012 surgery performed by DR. ZAVATSKY, Mr. Hartzog experienced numbness in the sacroiliac joint and his legs.

8.

A CT scan was obtained post-operatively, which showed possible contact of the screw with the neuroforamen.

9.

On May 23, 2012, DR. ZAVATSKY performed a second surgery to reposition the screw he originally inserted on May 21, 2012.

(3)

RECEIVED

MAY 2 4 2013

LPCF

10.

Immediately following the May 23, 2012 surgery to reposition the screw, Mr. Hartzog had improvement of his leg numbness.

11.

Following the May 23, 2012 surgery, Mr. Hartzog developed weakness in his lower extremities.   He was ultimately diagnosed with Guillain-Barre Syndrome (GBS), a neurological autoimmune disorder that medical science has determined can be triggered by surgery.

12.

Upon information and belief, Mr. Hartzog continues to treat for Guillain-Barre Syndrome and related complications, and his prognosis is uncertain at this time.

13.

Cayo is still in the process of discovering and evaluating the facts and circumstances surrounding Mr. Hartzog's treatment by his medical care providers.

## MEDICAL MALPRACTICE ALLEGATIONS

14.

Cayo realleges and reavers each allegation above as if copied verbatim and *in extenso*.

15.

Any reasonable orthopedic surgeon would not have drilled into or inserted surgical hardware into Mr. Hartzog's sacroiliac neuroforamen.

16.

Medical science has shown that the risk of developing Guillain-Barre Syndrome is increased each time a patient undergoes a surgical procedure.

(4)

RECEIVED

MAY 2 4 2013

LPCF

17.

Medical science has shown that a patient's chances of fully recovering from Guillain-Barre Syndrome and his ultimate degree of recovery from Guillain-Barre Syndrome are increased with prompt diagnosis and treatment within the standard of care in Louisiana.

18.

Medical science has shown the duration of a patient's convalescence from Guillain-Barre Syndrome and related complications may be decreased as a result of prompt diagnosis and treatment within the standard of care in Louisiana.

19.

Cayo requests that a Medical Review Panel issue an opinion whether DR. ZAVATSKY, as the orthopedic surgeon, fell below the standard of care for physicians in Louisiana, by drilling into and/or inserting a surgical screw into Mr. Hartzog's sacroiliac neuroforamen during the May 21, 2012 surgery; by causing Mr. Hartzog to undergo the May 23, 2012 surgical procedure that would have been unnecessary if the May 21 surgery had been performed within the applicable standard of care; by failing to timely and properly diagnose and treat Mr. Hartzog's emerging neurological symptoms; and/or failing to timely refer Mr. Hartzog to the appropriate specialist; as well as other acts and omissions that may be discovered in the future.

20.

Cayo requests that a Medical Review Panel issue an opinion whether DR. TOWNSEND, as the attending physician, fell below the standard of care for physicians in Louisiana by failing to properly oversee the treatment and care Mr. Hartzog received at OCHSNER MEDICAL CENTER, failing to ensure Mr. Hartzog was subjected to the fewest surgical procedures reasonably necessary to treat his injuries, failing to timely and properly

(5)

RECEIVED

MAY 2 4 2013

LPCF

diagnose and treat Mr. Hartzog's emerging neurological symptoms, wand/or failing to timely refer Mr. Hartzog to an appropriate specialist, as well as other acts and omissions that may be discovered in the future.

21.

Cayo requests that a Medical Review Panel issue an opinion whether OCHSNER MEDICAL CENTER failed to see to it that Mr. Hartzog's injuries and other medical conditions were treated and diagnosed by physicians acting within the standard of care in Louisiana and/or is vicariously liable for the negligent acts of DR. ZAVATSKY and/or DR. TOWNSEND, as well as other acts and omissions that may be discovered in the future.

22.

Cayo avers Mr. Hartzog's neurological symptoms, which have been diagnosed as Guillain-Barre Syndrome, would not have developed but for the medical negligence of DR. ZAVATSKY, DR. TOWNSEND and/or OCHSNER MEDICAL CENTER.

23.

Alternatively, the medical negligence of DR. ZAVATSKY, DR. TOWNSEND and/or OCHSNER MEDICAL CENTER deprived Mr. Hartzog of the chance for a better outcome.

24.

In addition, Cayo avers Mr. Hartzog suffered damages in not having had the correct treatment to lessen the medical injuries that he had.

25.

Mr. Hartzog suffered damages in developing a neurological condition, currently thought to be Guillain-Barre Syndrome, which, upon information and belief, was not present when he first arrived at OCHSNER MEDICAL CENTER and, upon information and belief, is not directly related to his alleged accident of May 19, 2012.

**RECEIVED**

(6)

MAY 2 4 2013

**LPCF**

26.

Cayo reserves the right to supplement and amend this Request for Review as additional information is discovered or as otherwise appropriate.

WHEREFORE, Cayo, L.L.C. requests review of the foregoing allegations against DR. ZAVATSKY, DR. TOWNSEND and OCHSNER MEDICAL CENTER by a Medical Review Panel pursuant to the Louisiana Medical Malpractice Act, La. R.S. §40:1299.41, et seq.

Respectfully submitted:

DUNCAN & SEVIN, L.L.C.

ELTON F. DUNCAN, III (#14967)
KELLEY A. SEVIN (#25871)
CHARLES E. ROTHERMEL (#34068)
400 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
E-Mail: crothermel@duncansevin.com
Attorneys for Cayo, L.L.C.

DIVISION OF ADMINISTRATION
COMMISSIONER'S OFFICE
2013 MAY 21  PM 4:48

RECEIVED

MAY 2 4 2013

(7)

LPCF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUY HARTZOG

VERSUS

CAYO, L.L.C.

CIVIL ACTION

NO. 12-2895

SECTION "C" (2)

### ORDER AND REASONS ON MOTION

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in

opposition to a motion be filed and served no later than eight days before the noticed

submission date. No memorandum in opposition to defendant's Amended Motion for

Leave to File Third-Party Complaint, Record Doc. No. 17, submitted for decision on June

3, 2013 without oral argument, has been timely submitted. Although this motion would

ordinarily be deemed to be unopposed in such circumstances, defendant, Cayo, L.L.C.,

asserts that plaintiff, Guy Hartzog, "does not oppose the filing of Cayo's Third-Party

Complaint in principle, but does object to the extent filing same would cause a prolonged

and indefinite continuance of trial." Id. at p. 1. Because I find that the proposed

amendment would result in just such a delay, I consider the motion opposed.

Cayo seeks leave to add as third-party defendants two physicians who treated

plaintiff and the hospital where he was treated, after he was injured in the maritime

accident that gave rise to his Jones Act negligence and general maritime claims against

Cayo in the instant case. Defendant alleges that the physicians and hospital may have

negligently caused or contributed to Hartzog's injuries and damages, so that Cayo may





EXHIBIT
B

be entitled to contribution from the proposed third-party defendants for some of the damages, if any, that are awarded to plaintiff. Cayo seeks to assert third-party claims for contribution against the physicians and hospital, based on medical malpractice. For the following reasons, IT IS ORDERED that the motion is DENIED.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In addition, however, motions for leave to file third-party complaints are governed by Fed. R. Civ. P. 14(a), and "[t]he district court is accorded 'wide discretion in determining whether to permit such third party procedure . . . .'" McDonald v. Union Carbide Corp., 734 F.2d 182, 183 (5th Cir. 1984) (quoting S. Ry. v. Fox, 339 F.2d 560, 563 (5th Cir. 1964)) (emphasis added). In exercising this wide discretion, courts have considered a number of factors, including effectuating the purposes of Rule 14 (avoiding circuity of action and eliminating duplication of suits on closely related matters); whether other parties will be prejudiced; the unreasonableness of delay by the party asserting the third-party complaint; lack of substance to the third-party claim, and whether the action will become unduly complex or unduly delayed by permitting the impleader. 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1443 at 351-67 (West 2010).

In this instance, defendant's motion is timely, having been filed before the deadline for amendments and third-party actions set in the court's extended scheduling order. Record Doc. No. 13. In this case, Cayo's motion for leave to file a third-party complaint was submitted to the Clerk of Court electronically on May 6, 2013, the deadline date set by the presiding district judge for amending pleadings and adding third parties. Record Doc. Nos. 13 and 15. The Clerk of Court rejected the filing as "deficient" and required that the motion be re-filed. Refiling in compliance with the Clerk's requirements occurred

3

eight (8) days later, on May 14, 2013, when defendant filed an amended motion for leave

to file a third-party complaint. Record Doc. No. 17. "The clerk must not refuse to file a

paper solely because it is not in the form prescribed by these rules or by a local rule or

practice." Fed. R. Civ. P. 5(d)(4). In addition, "[a] local rule imposing a requirement of

form must not be enforced in a way that causes a party to lose any right because of a

nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). The Fifth Circuit has recognized

that this court's local electronic filing requirements are such rules and that the filing date

for timeliness purposes under these circumstances is the earlier "deficient" filing date.

Darouiche v. Fid. Nat'l Ins. Co., 415 F. App'x 548, 552 (5th Cir. 2011). The motions

must therefore be considered timely filed.

Since the motions were timely filed, I cannot find any undue delay or dilatory

motive by Cayo. There is no indication of bad faith. This is the first amendment filed by

defendant, so that there has been no failure to cure pleading deficiencies by prior

amendment. Ample time remains before the scheduled trial date, so that no undue

prejudice to the other parties would be expected to result from permitting the amendment.

More significantly, however, the proposed third-party complaint is futile. Cayo

seeks to assert medical malpractice claims against the proposed third-party defendants as

a means of establishing its own non-contractual contribution claims against plaintiff's

medical care providers, based upon their alleged negligence in their medical treatment of plaintiff. "[S]tate law . . . controls in cases such as this." Joiner v. Diamond M Drilling Co., 688 F.2d 256, 261 (5th Cir. 1982).

Under the Louisiana Medical Malpractice Act, no such claim may be asserted in any court against the doctors and hospital whom Cayo seeks to name in the third-party complaint until Cayo has submitted its medical malpractice claim to a medical review panel and the panel has reviewed the claim and rendered its expert opinion. La. Rev. Stat. § 40:1299.47(A)(1)(a); Williams v. Notami Hosps. of La., Inc., 927 So. 2d 368, 372 (La. App. 1st Cir. 2005). The Medical Malpractice Act "appl[ies] to claims brought by 'a patient, a patient's representative on the patient's behalf, or other persons having claims arising from injuries to or death of a patient.'" Atkinson v. Lammico Ins. Co., 63 So. 3d 1176, 1184 (La. App. 3d Cir. 2011) (quoting Hutchinson v. Patel, 637 So. 2d 415, 422 (La. 1994)).

Thus, the medical review procedure is required, not only when an injured patient seeks to recover from his qualified healthcare provider for medical malpractice, but also when, as here, a third party seeks to recover from a healthcare provider for the effects of the provider's medical negligence on the patient, but the patient has not invoked the medical review process. Thomas v. LeJeune, Inc., 501 So. 2d 1075, 1077 (La. App. 2d

5

Cir. 1987), overruled in part on different grounds by Hutchinson, 637 So. 2d at 426;

accord Voorhies v. Admin'rs of Tulane Educ. Fund, No. 11-3117, 2012 WL 1672748, at

*9 (E.D. La. May 14, 2012); Zoblotsky v. Tenet Choices, Inc., No. 03-2957, 2007 WL

2670110, at *5 (E.D. La. Sept. 7, 2007); Hutchinson, 637 So. 2d at 426 n.15; Bolden v.

Dunaway, 727 So. 2d 597, 601-02 (La. App. 1st Cir. 1998); Jones v. Scriber, 716 So. 2d

905, 906 (La. App. 2d Cir. 1998).

Medical malpractice claims that are asserted in a court before the completion of the

peer review process must be dismissed as premature. Voorhies, 2012 WL 1672748, at *9

(citing La. Code Civ. Proc. art. 933; Bennett v. Krupkin, 814 So. 2d 681, 685 (La. App.

1st Cir. 2002)); Zoblotsky, 2007 WL 2670110, at *5; Williams, 927 So. 2d at 372-73

(citing Spradlin v. Acadia-St. Landry Med. Found., 758 So.2d 116, 119 (La. 2000);

McKnight v. D & W Health Services, Inc., 873 So. 2d 18, 20 (La. App. 1st Cir. 2003);

Dunn v. Bryant, 701 So. 2d 696, 699 (La. App. 1st Cir. 1997)).

Under these circumstances, it would be futile to permit the assertion of clearly

premature medical malpractice claims that would have to be dismissed as soon as the

newly added third-party defendants filed a responsive Rule 12 motion.

The motion fares no better under the Rule 14 standard. In its proposed third-party

complaint, Cayo invokes Rule 14(c), which "permits a defendant [in an admiralty or

6

maritime case] to implead a third-party defendant for two purposes:   (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff." Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 242-43 (5th Cir. 2009) (citing Fed. R. Civ. P. 14(c); Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 399-400 (5th Cir. 2003)).  However, Rule 14(c) also "requires the third-party plaintiff (1) to assert an action sounding admiralty or maritime, (2) that arises out of 'the same transaction, occurrence, or series of transactions or occurrences' as the plaintiff's original claim, and (3) over which the district court has jurisdiction." Id. (emphasis added).  Because the Fifth Circuit requires that, "under Rule 14(c), the third-party plaintiff 'assert an action sounding in admiralty or maritime' law . . . , [the proposed third-party defendant] cannot be a proper Rule 14(c) party unless [plaintiff's or defendant's] claims against it arise under admiralty or maritime law." Duet v. Falgout Offshore, LLC, No. 09-3321, 2010 WL 1817766, at *2 (E.D. La. May 5, 2010) (citing Ambraco, 570 F.3d at 243; McDonough Marine Service v. Royal Ins. Co., No. 00-3134, 2001 WL 576190, at *4 (E.D. La. May 25, 2001)).

Nothing in the proposed third-party complaint appears to satisfy this requirement. Although Hartzog's claims against Cayo sound in maritime law, Cayo repeatedly states in its motion and its proposed complaint that it is asserting medical malpractice claims

7

under state law against the doctors and hospital.  Thus, Rule 14(c) does not permit the assertion of Cayo's claims against the proposed third-party defendants.

Permitting this third-party complaint to assert legally premature and dismissable state law medical malpractice claims would render this action, which is currently a straightforward personal injury suit, unduly complex. Permitting the requested impleader at a time when it cannot be prosecuted will only increase unnecessary effort and expense, both by the parties and the courts involved, unduly complicating and delaying resolution of plaintiff's claims against defendant in this case.  The new parties would be prejudiced by the premature and currently unnecessary expenditure of time and expense by being involved in this suit while the required state law medical malpractice pre-lawsuit administrative process goes forward. This would not advance judicial or party efficiencies.

In its motion papers, Cayo describes itself as being "on the horns of a dilemma." Record Doc. No. 17-1 at p. 4.  No such dilemma exists.  By its nature, a Rule 14 third-party complaint may be brought only against a non-party "who is or may be liable to [a defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added).  Although Cayo has a right to assert a contribution claim against the proposed third-party defendants, that claim does not mature until such time as Cayo is found to be

liable to plaintiff, if ever. Crompton Greaves, Ltd. v. Shippers Stevedoring Co., 776 F.

Supp. 2d 375, 401 (S.D. Tex. 2011) (citing Hercules Inc. v. Stevens Shipping Co., 698

F.2d 726, 732 (5th Cir. 1983); AIDA Dayton Techs. Corp. v. I.T.O. Corp., 137 F. Supp.

2d 637, 637 (D. Md. 2001)); In re Katrina Canal Breaches Litig., No. 05-4182, 2008 WL

5132840, at *8 n.14 (E.D. La. Dec. 1, 2008) (citing Pierce v. Five B's, Inc., No. 07-3263,

2008 WL 4091010, at *2 (E.D. La. Aug. 27, 2008)); In re Two-J Ranch, Inc., No. 04-

1891, 2007 WL 4898328, at *4 (W.D. La. Sept. 12, 2007), report & recommendation

adopted in part, rejected in part on other grounds, 534 F. Supp. 2d 671 (W.D. La. 2008)

(citing Marathon Pipe Line Co. v. Drilling Rig Rowan/Odessa, 761 F.2d 229 (5th Cir.

1985)).

Under Louisiana law, prescription on Cayo's contribution claims against the third-

party defendants does not begin to run until Cayo is found liable to plaintiff, if ever.

Joiner, 688 F.2d at 263 (citing Thomas v. W & W Clarklift, Inc., 375 So.2d 375, 378 (La.

1979)); Indemnity Ins. Co. v. Gee Cee Co., No. 03-387, 2003 WL 22533649, at *3 (E.D.

La. Nov. 3, 2003) (citing Thomas, 375 So. 2d at 379; Blue Streak Enters., Inc. v. Gulf

Coast Marine, Inc., 370 So. 2d 633, (La. App. 4th Cir. 1979)); Sea Robin Pipeline Co. v.

New Medico Head Clinic Facility, No. 94-1450 1994 WL 479189, at *1 (E.D. La. Aug.

30, 1994) (citing Thomas, 375 So. 2d at 378; U.S. Fidelity & Guaranty Co. v. Safeco Ins.

Co., 420 So. 2d 484 (La. App. 1st Cir. 1982); <u>Great Am. Ins. Co. v. Swift & Co.</u>, 587 F.

Supp. 432 (E.D. La. 1984)); <u>Reggio v. E.T.I.</u>, 15 So. 3d 951, 952, 958 (La. 2008); <u>Toups</u>

<u>v. Koch Gateway Pipeline, Inc.</u>, 915 So. 2d 811, 814 (La. App. 1st Cir. 2005); <u>Hendrick</u>

<u>v. Stone, Pigman, Walther, Wittmann & Hutchinson</u>, 677 So. 2d 716, 719-20 (La. App.

1st Cir. 1996) (citing <u>Cole v. Celotex Corp.</u>, 599 So. 2d 1058, 1071-72 (La. 1992)).

Thus, Cayo is in no way prejudiced by denial of its motion since it is <u>not</u> required

by Rule 14 or state law to assert its contribution claims against the medical providers in

this action before Cayo has been held liable to Hartzog.  Under these circumstances, the

motion is denied.

New Orleans, Louisiana, this ____5th____ day of June, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

10